IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN BALL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| c/o Kenneth Wainstein, Esquire | : |
| United States Attorney for the | : |
|   District of Columbia | : |
| United States Attorney's Office | : |
| 555 4th Street, NW | : |
| Washington, DC 20530, | : |
| | : |
| -and- | :  Case No.:   1:06cv00059 |
| | : |
| RTKL D.C. ASSOCIATES, PC, | :  Judge:   Ricardo M. Urbina |
| 1250 Connecticut Avenue, NW | : |
| Suite 400 | :  Deck Type:   Personal Injury/Malpractice |
| Washington, DC 20036, | : |
| | : |
| -and- | : |
| | : |
| CENTEX CONSTRUCTION, LLC, | : |
| 3924 Pender Drive | : |
| Fairfax, VA 22030, | : |
| | : |
| -and- | : |
| | : |
| GILBANE BUILDING COMPANY, | : |
| 7 Jackson Walkway | : |
| Providence, RI 02903, | : |
| | : |
| Defendants. | : |

**ANSWER OF DEFENDANT GILBANE BUILDING COMPANY**

    Gilbane Building Company, by and through its undersigned counsel, hereby submits its

Answer to the Complaint.

1

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted to the plaintiff.

**SECOND DEFENSE**

In answer to the numbered paragraphs of the Complaint, this defendant states as follows:

1. Paragraph 1 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

2. Paragraph 2 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

3. Paragraph 3 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

4. Paragraph 4 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

5. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint and demands strict proof thereof.

7. Paragraph 7 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

8. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies that it retained defendant RTKL Associates, Inc. to work on the construction of the Capitol Visitors Center at the U.S. Capitol Building. The remaining allegations in paragraph 9 of the Complaint do not relate to this Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Defendant in this paragraph, it is denied.

10. Defendant denies that it retained defendant Centex Construction to work on the construction of the Capitol Visitors Center at the U.S. Capitol Building. The remaining allegations in paragraph 9 of the Complaint do not relate to this Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Defendant in this paragraph, it is denied.

11. Defendant admits the allegations set forth in the first sentence of paragraph 11 of the Complaint. Defendant admits that it entered into a contract with the United States General Services Administration. Defendant denies the remaining allegations set forth in paragraph 11 of the Complaint, as worded.

12. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint and demands strict proof

thereof.

13. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint and demands strict proof thereof.

15. Plaintiff's Complaint does not include a paragraph 15.

16. Paragraph 16 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

17. Plaintiff's Complaint does not include a paragraph 17.

18. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant is currently without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Complaint and demands strict proof thereof.

**COUNT I**
(Negligence)

20. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1 through 19 of this Answer.

21. Paragraph 21 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

22. Defendant denies the allegations of paragraph 22 of the Complaint as they relate to this defendant. Defendant is without knowledge as to the allegations contained in paragraph 22 against the remaining defendants and demands strict proof thereof.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

### THIRD DEFENSE

Defendant denies all allegations not specifically admitted herein.

### FOURTH DEFENSE

Defendant avers that plaintiff's claims are, or may be, barred by the applicable statute of limitations.

### FIFTH DEFENSE

Defendant avers that the injuries, losses, and damages, if any, suffered by the plaintiff are, or may be, the result of his sole and/or contributory negligence.

### SIXTH DEFENSE

Defendants aver that the injuries, losses, and damages, if any, suffered by the plaintiff are, or may be, the result of her voluntary assumption of the risk.

### SEVENTH DEFENSE

Defendant avers that plaintiff's claims are, or may be, barred, in whole or in part, by the doctrine of failure to mitigate damages.

**EIGHTH DEFENSE**

Defendant avers that the injuries, losses, and damages, if any, suffered by the plaintiff, are, or may be, the result of the sole or concurrent negligence or intentional acts of the remaining defendants herein.

**NINTH DEFENSE**

Defendant avers that the injuries, losses and damages, if any, suffered by plaintiff are, or may be, the result of the intentional or negligent acts of independent third parties over whom these defendants had no control.

WHEREFORE, having fully answered the Complaint, this defendant, Gilbane Building Company, respectfully prays that said Complaint be dismissed, with prejudice, and that this defendant be awarded all appropriate costs.

    Respectfully submitted,

    JORDAN COYNE & SAVITS, L.L.P.

By: /s/
   Joseph S. Ferretti  #485996
   1100 Connecticut Avenue, NW
   Suite 600
   Washington, DC  20036
   (202) 496-2818
   (202) 496-2800 (fax)

   Counsel for Defendant
     Gilbane Building Company

## DEMAND FOR JURY TRIAL

Defendant Gilbane Building Company respectfully demands a trial by jury of all matters and facts at issue herein.

/s/
Joseph S. Ferretti

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer of Defendant Gilbane Building Company was served electronically to counsel for the plaintiff and mailed, first class and postage prepaid, this  8th  day of February, 2006 to:

> Craig D. Miller, Esquire
> SIMEONE & MILLER
> 1717 K Street, N.W.
> Suite 1000
> Washington, DC 20036
> **Counsel for the Plaintiff**
>
> Jeffrey T. Brown, Esquire
> DeCARO, DORAN, SICILIANO
>   GALLAGHER & DeBLASIS, LLP
> 4601 Forbes Boulevard
> Suite 200, P.O. Box 40
> Lanham, MD 20703
> **Counsel for Centex Construction, LLC**
>
> RTKL D.C. ASSOCIATES, PC
> 1250 Connecticut Avenue, NW
> Suite 400
> Washington, DC 20036
>
> UNITED STATES OF AMERICA
> c/o Kenneth Wainstein, Esquire
> United States Attorney for the
>   District of Columbia
> United States Attorney's Office
> 555 4th Street, NW
> Washington, DC 20530

/s/
Joseph S. Ferretti