UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN BALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-0059 (RMU) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

* * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH CROSS-CLAIMS

The Defendant, United States of America, by and through undersigned counsel hereby answers Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims for damages, if any, are barred by the sole and/or contributory negligence of the Plaintiff herein.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims for damages, if any, are barred by the Plaintiff's assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

The damages complained of by the Plaintiff herein, if any, were caused by the negligence or actions of other individuals or entities over whom this Defendant had no control nor right of

control at the time in question.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on his FTCA claim against the United States.

## SIXTH AFFIRMATIVE DEFENSE

In response to the individual numbered paragraphs of the Complaint the individual Defendant, United States of America, admits, denies or otherwise avers as follows:

1. Paragraph 1 consists of Plaintiff's characterization of his lawsuit, to which no response is required. To the extent a response is deemed required, deny.

2. Paragraph 2 consists of Plaintiff's characterization of his lawsuit, to which no response is required. To the extent a response is deemed required, deny.

3. Paragraph 3 consists of Plaintiff's characterization of this Court's jurisdiction, to which no response is required. To the extent a response is deemed required, deny.

4. Paragraph 4 consists of Plaintiff's characterization of venue, to which no response is required. To the extent a response is deemed required, admit.

5. Defendant admits only that it received Plaintiff's Standard Form 95 on April 7, 2005 and denies the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits only that the Architect of the Capitol has been designated as the contracting officer for the Capitol Visitors Center at the U.S. Capitol Building and denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant lacks sufficient information or knowledge to admit or deny whether RTKL Associates, Inc., is a corporation and denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.  Defendant lacks sufficient information or knowledge to admit or deny whether Centex Construction is a corporation.  Defendant admits that Centex entered into a contract with the United States for the construction of the Capitol Visitors Center at the U.S. Capitol Building and at all times relevant herein to the complaint.  Defendant denies the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.  Defendant lacks sufficient information or knowledge to admit or deny whether Gilbane Building Co. is a corporation.  Defendant admits that Gilbane entered into a contract with the United States for management services with respect to the construction of the Capitol Visitors Center at the U.S. Capitol Building and at all times relevant herein was performing duties under said contract.  Defendant denies the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint.

12.  Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.  Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.  Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

16. [mis-numbered paragraph]  Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

18. [mis-numbered paragraph] Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant restates and incorporates his answers to the allegations of the Plaintiff's Complaint, paragraphs 1 through 18, as if fully set forth herein in response to Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

The remaining statements consist of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.

## Cross-Claims of the United States of America
## Against Centex Construction LLC and Gilbane Building Company

### COUNT I

1. The United States of America, by and through the Architect of the Capitol, on or about June 12, 2002, entered into a contract with the Centex Construction Company, LLC (Centex) for construction services for construction of the United States Capitol Visitor Center and related work in and around the Capitol Building for a total cost of approximately $99,877,000.00.

2. At the time of the incident complained of herein, Centex was the contractor for construction services for the construction of the United States Capitol Visitor Center at the Capitol Building.

3. As part of the contract with the United States, Centex was to provide proper safety and health precautions to protect the work, the workers, the public, and the property of others. See attached excerpts of contract between the United States and Centex Construction.

4. As part of the contract with the United States, Centex was to provide and maintain necessary safeguards for the protection of his employees, Government employees and the public generally and take all other precautions for their protection against injury. See attached excerpts of contract between the United States and Centex Construction.

5. The United States denies that it owed a duty to the Plaintiff and denies any liability whatsoever. Nonetheless, if the allegations contained in the Complaint are proven, then the injury was caused by the negligence of Centex. In the unlikely event that the Plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from Centex.

6. Wherefore the United States of America demands indemnity and/or contribution as against Defendant Centex in addition to interest and costs.

## COUNT II

1. The United States of America, by and through the Architect of the Capitol, entered into a contract with the Gilbane Building Company (Gilbane), on or about February 7, 2001, for construction management services for construction of the United States Capitol Visitor Center at the Capitol Building.

2. At the time of the incident complained of herein, Gilbane was the construction manager for

construction services at the United States Capitol Visitor Center at the Capitol Building.

3. As part of the contract with the United States, Gilbane was to provide all services related to and within the scope of construction management services for the United States Capitol Visitor Center at the Capitol Building.

5. The United States denies that it owed a duty to the Plaintiff and denies any liability whatsoever. Nonetheless, if the allegations contained in the Complaint are proven, then the injury was caused by the negligence of Gilbane. In the unlikely event that the Plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from Gilbane.

6. Wherefore the United States of America demands indemnity and/or contribution as against Defendant Gilbane in addition to interest and costs.

    WHEREFORE, having fully answered the complaint, the Defendant, United States of America, requests that it be dismissed and that judgment be entered in favor of the United States of America.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney

                              /s/

                          HEATHER D. GRAHAM-OLIVER
                          Assistant United States Attorney
                          Judiciary Center Building
                          555 4th St., N.W.
                          Washington, D.C.  20530
                          (202) 305-1334

Dated: June 30, 2006