IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN BALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06-cv-00059 (RMU) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT GILBANE BUILDING COMPANY
TO CROSS-CLAIM OF UNITED STATES OF AMERICA**

Defendant Gilbane Building Company ("Cross-Defendant"), by and through its undersigned counsel, hereby submits its Answer to the Cross-Claim of United States of America ("Cross-Plaintiff").

**FIRST DEFENSE**

The Cross-Claim fails to state a claim upon which relief may be granted to the Cross-Plaintiff.

**SECOND DEFENSE**

In answer to the numbered paragraphs of the Cross-Claim, Cross-Defendant states as follows:

**COUNT I**

1. The allegations in paragraph 1 of Count I of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

2. The allegations in paragraph 2 of Count I of the Cross-Claim do not relate to this

Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

3. The allegations in paragraph 3 of Count I of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

4. The allegations in paragraph 4 of Count I of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

5. The allegations in paragraph 5 of Count I of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

6. The allegations in paragraph 6 of Count I of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

## COUNT II

1. Cross-Defendant admits that it contracted with the Cross-Plaintiff. Defendant avers that the contract described in paragraph 1 of Count II of the Cross-Claim is a document that speaks for itself and denies any allegations inconsistent therewith.

2. Cross-Defendant admits the allegation set forth in paragraph 2 of Count II of the Cross-Claim that it was a construction manager at the time of the incident alleged in Plaintiff's Complaint. Defendant avers that its role was defined by a written contract that speaks for itself and denies any allegations inconsistent therewith.

3. Cross-Defendant admits that it contracted with the Cross-Plaintiff. Defendant avers that the contract described in paragraph 3 of Count II of the Cross-Claim is a document that speaks for itself and denies any allegations inconsistent therewith.

4. The Cross-Claim does not contain a paragraph 4 to Count II.

5. Cross-Defendant denies the allegations set forth in paragraph 5 of Count II of the Cross-Claim.

6. Cross-Defendant denies the allegations set forth in paragraph 6 of Count II of the Cross-Claim.

### THIRD DEFENSE

Cross-Defendant expressly denies any averment of fact not explicitly admitted herein.

### FOURTH DEFENSE

Cross-Defendant avers that the injuries, losses, and damages, if any, suffered by Plaintiff are or may be the result of the sole or concurrent negligence or the intentional acts or omissions of Cross-Plaintiff.

### FIFTH DEFENSE

Cross-Defendant avers that the injuries, losses, and damages, if any, suffered by Plaintiff are or may be the result of the sole or concurrent negligence or the intentional acts or omissions of the remaining defendants named in the Plaintiff's Complaint.

### SIXTH DEFENSE

Cross-Defendant avers that the potential losses and damages, if any, suffered by Plaintiff are, or may be, the result of the sole or concurrent negligence or the intentional acts or omissions of the Plaintiff himself or independent third-parties over whom Cross-Defendant had no control.

WHEREFORE, having fully answered the Cross-Claim, Defendant Gilbane Building Company respectfully prays that said Cross-Claim be dismissed, with prejudice, and that all appropriate costs be awarded to Gilbane Building Company.

Dated:   July 18, 2006

                              Respectfully submitted,

                              JORDAN COYNE & SAVITS, L.L.P.

                              By:_____/s/_____
                                Joseph S. Ferretti  #485996
                                1100 Connecticut Avenue, NW
                                Suite 600
                                Washington, DC  20036
                                (202) 496-2818
                                (202) 496-2800 (fax)

                                Counsel for Defendant
                                  Gilbane Building Company