IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN BALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06-cv-00059 (RMU) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT GILBANE BUILDING COMPANY
TO CROSS-CLAIM OF CENTEX CONSTRUCTION, INC.
AND
CROSS-CLAIM AGAINST CENTEX CONSTRUCTION, INC.
AND RTKL D.C. ASSOCIATES, P.C.**

Defendant Gilbane Building Company ("Cross-Defendant"), by and through its undersigned counsel, hereby submits its Answer to the Cross-Claim of Centex Construction, Inc. ("Cross-Plaintiff").

**FIRST DEFENSE**

The Cross-Claim fails to state a claim upon which relief may be granted to the Cross-Plaintiff.

**SECOND DEFENSE**

In answer to the numbered paragraphs of the Cross-Claim, Cross-Defendant states as follows:

1. Cross-Defendant admits the averments set forth in paragraph 1 of the Cross-Claim that the Plaintiff, Stephen Ball, filed a complaint against the Defendants. Cross-Defendant avers that the Complaint speaks for itself.

2.  The allegations in paragraph 2 of the Cross-Claim do not relate to this Cross-Defendant. No averment is therefore required. To the extent any wrongdoing is alleged against Cross-Defendant in this paragraph, it is denied.

3.  Cross-Defendant denies the allegations set forth in paragraph 3 of the Cross-Claim.

## COUNT I
### (Contribution)

4.  Cross-Defendant incorporates herein by reference each and every averment set forth in paragraphs 1 through 3 of this Answer, and denies the allegations set forth in paragraph 4 of the Cross-Claim.

## COUNT II
### (Indemnification)

5.  Cross-Defendant incorporates herein by reference each and every averment set forth in paragraphs 1 through 4 of this Answer, and denies the allegations set forth in paragraph 5 of the Cross-Claim.

## THIRD DEFENSE

Cross-Defendant expressly denies any averment of fact not explicitly admitted herein.

## FOURTH DEFENSE

Cross-Defendant avers that the injuries, losses, and damages, if any, suffered by Plaintiff are or may be the result of the sole or concurrent negligence or the intentional acts or omissions of Cross-Plaintiff.

## FIFTH DEFENSE

Cross-Defendant avers that the injuries, losses, and damages, if any, suffered by Plaintiff

are or may be the result of the sole or concurrent negligence or the intentional acts or omissions of the remaining defendants named in the Plaintiff's Complaint.

## SIXTH DEFENSE

Cross-Defendant avers that the potential losses and damages, if any, suffered by Plaintiff are, or may be, the result of the sole or concurrent negligence or the intentional acts or omissions of the Plaintiff himself or independent third-parties over whom Cross-Defendant had no control.

WHEREFORE, having fully answered the Cross-Claim, Defendant Gilbane Building Company respectfully prays that said Cross-Claim be dismissed, with prejudice, and that all appropriate costs be awarded to Gilbane Building Company.

## CROSS-CLAIM

Defendant Gilbane Building Company ("Gilbane"), by and through its undersigned counsel, hereby submits the following Cross-Claim against co-defendants Centex Construction, Inc. ("Centex") and RTKL D.C. Associates, P.C. ("RTKL"), and as grounds states:

1. The parties to this Cross-Claim have been designated as Defendants in the Complaint filed on behalf of the Plaintiff herein, which alleges that Stephen Ball sustained injuries, damages, and losses as a result of an injury while working on or about August 18, 2004 at the Capitol Visitors Center at the U.S. Capitol Building.

2. Gilbane denies all allegations of negligence, and alleges that the damages sustained by the Plaintiff, if any, are the result of the negligence, if any, of Centex and/or RTKL.

3. In the event that the Plaintiff obtains a verdict against Gilbane, Gilbane alleges

that the Plaintiff's injuries, damages, and losses were proximately caused by the negligent acts and/or omissions of Centex and/or RTKL.

## COUNT I
(Indemnification)

4. Gilbane repeats, realleges, and incorporates by reference herein each of the facts and allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

5. In the event that the Plaintiff obtains a verdict against Gilbane, then Centex and RTKL are liable to Gilbane for indemnification in that such recovery would only occur as a result of the negligence of Centex and/or RTKL.

## COUNT II
(Contribution)

6. Gilbane repeats, realleges, and incorporates by reference herein each of the facts and allegations set forth in paragraphs 1 through 5 above as if fully set forth herein.

7. In the event that Plaintiff obtains a verdict against Gilbane, then Centex and/or RTKL are liable to Gilbane for contribution, with respect to all or a proportionate amount of any such verdict, in that the claimed damages were caused by the negligence of Centex and/or RTKL.

WHEREFORE, in the event that Plaintiff obtains a verdict against this Defendant/Cross-Plaintiff, Gilbane Building Company demands judgment in contribution and/or indemnification against the Defendants/Cross-Defendants, Centex Construction, Inc. ("Centex") and RTKL D.C. Associates, P.C., with respect to all or a proportionate amount of any such verdict, plus costs and such other relief as this Court deems just and proper.

Dated:   January 16, 2007

       Respectfully submitted,

       JORDAN COYNE & SAVITS, L.L.P.


       By: _____/s/_____
          Joseph S. Ferretti  #485996
          1100 Connecticut Avenue, NW
          Suite 600
          Washington, DC  20036
          (202) 496-2818
          (202) 496-2800 (fax)

          Counsel for Defendant
            Gilbane Building Company